IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| (1) JAMES LEGROS, SR. and<br>(2) JACQUELINE MILIOTO, as next friend to<br>     D.M., a minor, as next of kin of<br>     JAMES LEGROS, JR., deceased,<br><br>                              Plaintiffs,<br><br>vs.<br><br>(1) BOARD OF COUNTY COMMISSIONERS<br>     FOR CHOCTAW COUNTY; *et al.*,<br><br>                              Defendants. | Case No. 18-CV-261-RAW |

## DEFENDANTS' MOTION FOR PROTECTIVE ORDER

Defendants Board of County Commissioners for Choctaw County, Terry Park, Jeffery Epley, Stewart Stanfield, Zach Dillishaw, Schonna Smith, Debora Clay and Edna Casey, through their respective counsel, move the Court for a protective order in the form which is submitted to the Court contemporaneously herewith (Exhibit 1, Defendant's proposed Protective Order). In support of their Motion, Defendants state as follows:

### RELEVANT PROCEDURAL HISTORY

1. The captioned proceeding was originally filed in the District Court of Choctaw County, State of Oklahoma, on September 11, 2017, and was styled <u>JAMES LEGROS, SR. and JACQUELINE MILIOTO, as next friend to D.M., a minor, as next of kin of JAMES LEGROS, JR., deceased, Plaintiffs, vs. BOARD OF COUNTY COMMISSIONERS FOR CHOCTAW COUNTY, Defendant</u>, Case No. CJ-2017-58. At the time of the original filing, the only Defendant was the Board of County Commissioners (hereinafter "Board").

2. Plaintiffs' original Petition did not allege any claims under federal law [Dkt. 2, Ex. 2].

1

3. Defendant Board was served with process and timely filed a responsive pleading on October 10, 2017 [Dkt. 2, Ex. 7].

4. Plaintiffs first set of discovery was served on Defendant Board on September 18, 2017.

5. In October 2017, after service of the discovery requests for all Plaintiffs, counsel for Plaintiffs told Defendant's counsel that Legros Sr. no longer wanted them to represent him in this matter and that he had obtained separate counsel. Plaintiffs' counsel indicated there should be an entry of appearance filed to reflect this change soon.

6. Defendant Board's response to Plaintiffs' discovery requests was originally due on November 2, 2017. However, on November 1, 2017, Defendant Board's counsel contacted Plaintiffs' counsel and requested an extension to respond to discovery of two weeks. Plaintiffs' counsel agreed and a new deadline for discovery responses was set for November 16, 2017.

7. On November 16, 2017, Defendant's counsel suggested a protective order for a portion of the requested information responsive to Plaintiffs' discovery requests and provided a proposed Joint Protective Order. Counsel disagreed on the materials to be covered by the proposed Joint Protective Order and Plaintiffs' counsel requested that any information requested which was not in question to be subject to a protective order be provided within ten (10) days, on or about December 11, 2017.

8. Plaintiffs' counsel was agreeable to a protective order regarding personnel information, but not as to jail policies, photographs and surveillance video.

9. On December 20, 2017, Plaintiffs' counsel filed a Motion to Withdraw as Counsel for Plaintiff James Legros, Sr. [Dkt. 2, Ex. 8]. On January 3, 2018, the Court entered a Court Minute granting the Motion to Withdraw [Dkt. 2, Ex. 9] and on January 8, 2018, the Court filed its Order Authorizing Withdrawal for James Legros, Sr. [Dkt. 2, Ex. 10].

10. On January 23, 2018, Defendant Board filed Defendant's Motion for Protective Order [Dkt. 2, Ex. 14]. Plaintiff Jacqueline Milioto's Response to Defendant's Motion for Protective Order was filed on January 31, 2018 [Dkt. 2, Ex. 16]. On the same day, Defendant provided its responses to Plaintiff's discovery requests without the disputed documents.

11. Plaintiffs' counsel indicated Plaintiffs are agreeable to a Motion for Protective Order regarding:

> Performance appraisals or disciplinary records related to non-parties; Social Security numbers and dates of birth of any persons; Unlisted home addresses or unlisted home phone numbers; Educational records of any persons to the extent such records are covered by 20 U.S.C. § 1232g(4); Personnel files of Jail or Sheriff's Office employees, and Personal contact information of present and former employees, officers, or agents of the Defendants.

(See Exhibit 2, Plaintiff Milioto's email dated November 29, 2017).

12. On February 6, 2018, Plaintiff Milioto's counsel and Defendant Board's counsel argued the issues on Defendant Board's Motion for Protective Order to the District Court for Choctaw County.

13. Also on February 6, 2018, counsel for Plaintiffs filed Entries of Appearance for Legros, Sr. once again [Dkt. 2, Ex. 17 and 18].

14. On February 20, 2018, the State District Court Judge entered a Court Minute for "Counsel to Submit Order" without any further instructions or comments [Dkt. 2, Ex. 19].

15. Defendant Board's counsel submitted its proposed Protective Order which was signed and filed by the Court on March 6, 2018 [Dkt. 2, Ex. 21].

16. Following the entry of the Protective Order, Plaintiffs' counsel contacted Defendant Board's counsel with regard to the Protective Order entered by the Court. Plaintiffs' counsel believed the Court may have been confused as to the proposed Protective Order due to another case involving the same counsel and Defendant which was also before the Court and

argued on the same date as the Defendant's Protective Order. Subsequently, Plaintiff's counsel filed a Motion for Clarification [Dkt. 2, Ex. 22] to determine whether the Court considered the parties' arguments and the filed Protective Order was issued over the Plaintiffs' objections, or if the Defendant's submission of their proposed Protective Order confused the Court as to some agreement by the parties.  Defendant also agreed to provide Plaintiffs' counsel with the disputed photographs, video and policies with the agreement that Plaintiff's counsel would keep those items protected until the Court ruled on the Motion to Clarify.  Plaintiffs' counsel has been in receipt of the disputed items since April 2018.

17.     Prior to the District Court of Choctaw County ruling on Plaintiffs' Motion for Clarification, Plaintiffs filed a First Amended Petition on August 1, 2018 alleging, for the first time, that Defendant Board violated Decedent's rights under the U.S. Constitution [Dkt. 2, Ex. 28]. Plaintiffs' First Amended Petition also added seven Defendants in this matter.  Defendant Board removed the case from the District Court of Choctaw County to this Court on August 13, 2018 [Dkt. 2].

## DEFENDANTS' JOINT MOTION FOR PROTECTIVE ORDER

18.     Defendants request the Court issue a Protective Order to include any materials received by Plaintiffs from the Choctaw County Sheriff's Office and Defendants regarding any video and audio recordings or photographs made or taken within the Choctaw County Jail and the policies and procedures of the Choctaw County Jail or Choctaw County Sheriff's Office related to the operation of the jail.  Video, recordings and photographs taken within the jail pose a security risk to the safety of the inmates, employees and citizens of Choctaw County.  Given the propensity of some to post these items on the internet so they are readily available to anyone and everyone, the knowledge gained by those with ill will or intentions towards staff or to have an inmate released by force is greatly increased.  The public knowledge of the policies and

procedures of the jail also pose this same risk. Finally, the maintenance of the documents as confidential by all parties does not at all hinder or encumber Plaintiffs in any way from prosecuting this case. The only reason why Plaintiffs would want these items to be public is to try this matter in the court of public opinion and media which should also be prohibited.

19. Plaintiffs' counsel has maintained he still agrees to the other items being included in a Protective Order including: Performance appraisals or disciplinary records related to non-parties; Social Security numbers and dates of birth of any persons; Unlisted home addresses or unlisted home phone numbers; Educational records of any persons to the extent such records are covered by 20 U.S.C. § 1232g(4); Personnel files of Jail or Sheriff's Office employees; Personal contact information of present and former employees, officers, or agents of the Defendants and medical records. Plaintiffs' counsel have indicated they only object to Defendants' proposed Protective Order as it relates to audio and video recordings from within the jail, photographs from within the jail and the policies and procedures of the Choctaw County Sheriff's Office/Jail.

20. In an effort to compromise with the Plaintiffs regarding the contested video, photographs and policy, Defendants have offered to limit the protective order to those items that are not otherwise an open record under the Oklahoma Open Records Act, including any video and audio recordings or photographs made or taken within the Choctaw County Jail; Performance appraisals or disciplinary records related to non-parties; Social Security numbers and dates of birth of any persons; Unlisted home addresses or unlisted home phone numbers; Educational records of any persons to the extent such records are covered by 20 U.S.C. § 1232g(4); Personnel files of Jail or Sheriff's Office employees; Personal contact information of present and former employees, officers, or agents of the Defendants; and policies and procedures of the Choctaw County Jail or Choctaw County Sheriff's Office related to the operation of the jail. However, Plaintiffs have maintained that the surveillance video from within the jail, the photographs taken of the inside of

the jail to include the photos of Decedent's suicide, and the policies and procedures of the Choctaw County Sheriff's Office for the jail should not be subjected to a protective order.  Defendants' proposed Protective Order is attached as Exhibit 1.

WHEREFORE, for the foregoing reasons, Board of County Commissioners for Choctaw County, Terry Park, Jeffery Epley, Stewart Stanfield, Zach Dillishaw, Schonna Smith, Debora Clay and Edna Casey respectfully request the Court enter the Protective Order submitted contemporaneously herewith.

Respectfully submitted,

s/Stephen L. Geries
Stephen L. Geries, OBA No. 19101
Taylor M. Tyler, OBA No. 33291
Collins Zorn & Wagner, P.C.
429 N.E. 50th Street, Second Floor
Oklahoma City, OK   73105
Telephone:     (405) 524-2070
Facsimile:      (405) 524-2078
Email:           slg@czwlaw.com
                     tmt@czwlaw.com
*Attorneys for Defendants Board of County Commissioners for Choctaw County, Zach Dillishaw, Stewart Stanfield, Jeffrey Epley and Terry Park, in their individual capacities*


s/Jessica L. Dark
(*signed by filing attorney with permission*)
Robert S. Lafferrandre, OBA No. 11897
Randall J. Wood, OBA No. 10531
Jessica L. Dark, OBA No. 31236
Pierce Couch Hendrickson Baysinger
   & Green, LLP
1109 North Francis Avenue
Oklahoma City, OK   73106
Telephone:     (405) 235-1611
Facsimile:      (405) 235-2904
Email:           jdark@piercecouch.com
*Attorneys for Defendants Schonna Smith and Debora Clay*

        s/James L. Gibbs
        (*signed by filing attorney with permission*)
        James L. Gibbs, II, OBA No. 15689
        Goolsby, Proctor, Heefner & Gibbs, P.C.
        701 N. Broadway Avenue, Suite 400
        Oklahoma City, OK   73102-6006
        Telephone:   (405) 524-2400
        Facsimile:   (405) 525-6004
        Email:   jgibbs@gphglaw.com
        *Attorney for Defendant Edna Casey*

## CERTIFICATE OF SERVICE

I hereby certify that on January 7, 2019, I served the attached document by certified mail, return receipt requested, to the following:

Chris Hammons
Jason M. Hicks
Laird, Hammons, Laird, PLLC
1332 S.W. 89th Street
Oklahoma City, OK   73159
*Attorneys for Plaintiffs*

Robert S. Lafferrandre
Randall J. Wood
Jessica L. Dark
Pierce Couch Hendrickson
   Baysinger & Green, L.L.P.
1109 North Francis Avenue
Oklahoma City, OK   73106
*Attorneys for Defendants*
*Schonna Smith and Debora Clay*

James L. Gibbs
Goolsby, Proctor, Heefner & Gibbs, P.C.
701 N. Broadway Avenue, Suite 400
Oklahoma City, OK   73102-6006
*Attorney for Defendant Edna Casey*

        s/ Stephen L. Geries
        Stephen L. Geries