IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| (1) JAMES LEGROS, SR. and<br>(2) JACQUELINE MILIOTO, as next friend to<br>    D.M., a minor, as next of kin of<br>    JAMES LEGROS, JR., deceased,<br><br>                    Plaintiffs,<br><br>vs.<br><br>(1) BOARD OF COUNTY COMMISSIONERS<br>    FOR CHOCTAW COUNTY; *et al.*,<br><br>                    Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)  Case No. 18-CV-261-RAW<br>)<br>)<br>)<br>)<br>) |

**DEFENDANTS' REPLY IN SUPPORT**
**OF THEIR MOTION FOR PROTECTIVE ORDER**

Defendants Board of County Commissioners for Choctaw County, Terry Park, Jeffery Epley, Stewart Stanfield, Zach Dillishaw, Schonna Smith, Debora Clay and Edna Casey, ("Defendants") through their respective counsel, respectfully submit this Reply in support of their Motion for Protective Order. [Dkt. 58]. Defendants respectfully request this Court enter the protective order which was submitted contemporaneously with their Motion for Protective Order, [Dkt. 58-1], for the reasons stated herein and in their Motion.

First, the issue at hand is whether the Choctaw County Jail ("Jail") and/or Sheriff's Office's policies and procedures, the Jail's video and/or audio recordings, and Jail photographs should be protected within the confines of this lawsuit. Defense counsel has had multiple conversations with Plaintiffs' counsel attempting to resolve this issue. [Dkt. 58, ¶¶ 7-8, 11, 16, 19-20]. After multiple parties were added to this case and it was removed to federal court, Defense counsel included the following language in its proposed Protective Order as another attempt to resolve this issue without court intervention: "Any materials received by Plaintiffs from the Choctaw County Sheriff's Office that are not otherwise an open record under the

Oklahoma Open Records Act." [Dkt. 58-1, p. 1]. This addition was not an attempt to try and enforce the Oklahoma Open Records Act, but to use this Act as a benchmark.

Now, Plaintiff Milioto ("Plaintiff" or "Plaintiff Milioto") argues in her Response that Defendants did not meet their "burden" of showing the recordings and documents at issue are not subject to public disclosure under the Oklahoma Open Records Act. [Dkt. 60, pp. 5-7]. Fed. R. Civ. P. 26(c) does **NOT** require moving parties show that documents they wish to produce pursuant to a protective order are not otherwise open records under state law. *See generally* Fed. R. Civ. P. 26(c). Instead, according to Fed. R. Civ. P. 26(c), parties requesting a protective order "must include a certification that the movant has in good faith conferred or attempted to confer with other affected parties in an effort to resolve the dispute without court action." Fed. R. Civ. P. 26(c)(1). Defendants included that certification in their Motion. [Dkt. 58, p. 5 at ¶ 19]. Additionally, if parties show good cause, then a court may issue a protective order "to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." Fed. R. Civ. P. 26(c)(1). As discussed in further detail below and in their Motion, Defendants demonstrated good cause for a protective order. In sum, Defendants met their "burden," as prescribed by Fed. R. Civ. P. 26(c)(1), in their Motion for Protective Order.

Regardless, the recordings and documents at issue are NOT open records under the Oklahoma Open Record Act.[1] Pursuant to the Oklahoma Open Records Act, "[a]ll records of public bodies and public officials shall be open to any person." Okla. Stat. tit. 51, § 24A.5. The Choctaw County Sheriff's Office (which operates and maintains the Choctaw County Jail) is a law enforcement agency, which the Act defines as entities "charged with enforcing state or local criminal laws and initiating criminal prosecutions." Okla. Stat. tit. 51, § 24A.3. Section 24.A.8

---

[1] Interestingly, while Plaintiff makes much of Defendants' alleged failure to identify an applicable exception to the Oklahoma Open Records Act, Plaintiff does not actually argue that the at-issue documents and recordings are open records. [Dkt. 60, pp. 5-7].

of the Oklahoma Open Records Act details what records law enforcement agencies "shall" make available to the public. *See generally* Okla. Stat. tit. 51, § 24A.8. While items such as jail registers, an initial offense report, and radio logs are listed as open records in Section 24A.8, notably missing are photographs or policies and procedures. *See generally* Okla. Stat. tit. 51, § 24A.8. Clearly, therefore, photographs made or taken within the Choctaw County Jail, Choctaw County Sheriff's Office policies and procedures, and/or Choctaw County Jail's policies and procedures are NOT open records pursuant to the Oklahoma Open Records Act.

Additionally, the only law enforcement agency videos considered open records involve video recordings from body cameras and vehicle dashboard cameras:

> (9) Audio and video recordings from recording equipment attached to law enforcement vehicles or associated audio recordings from recording equipment on the person of a law enforcement officer . . . [and]
>
> . . .
>
> (10)(a) Audio and video recordings from recording equipment attached to the person of a law enforcement officer that depict [any use of force, pursuits, traffic stops, arrests, etc.]."

Okla. Stat. tit. 51, § 24A.8(A)(9)-(10). Here, the video and audio recordings Defendants desire the protective order to encompass are from surveillance videos from cameras affixed to a building (the Choctaw County Jail), NOT dashboard cameras or body cameras. Therefore, these videos are not open records under Oklahoma's Open Records Act.

Second, Defendants have shown good cause that the Jail and/or Sheriff's Office's policies and procedures, the Jail's video and/or audio recordings, and Jail photographs already produced to Plaintiff should be subject to Defendants' proposed protective order. As Defendants explained in their Motion, the at-issue documents and recordings pose substantial security risks to Choctaw County employees, citizens, and inmates. Plaintiff Milioto argues this is "unfounded" because other Oklahoma counties and Choctaw County have allowed the media to

broadcast images and/or footage from their jails. [Dkt. 60, 10-11]. These various examples are not, however, "damaging" to Defendants' position as Ms. Milioto contends and do not refute Defendants' assertion that the public disclosure of the at-issue documents and/or recordings pose a security risk. For instance, to the extent Plaintiff's examples show county jail employees and inmates, Plaintiff does not address whether those individuals were asked to and/or did sign waivers permitting their faces/voices be recorded and broadcast. Additionally, Plaintiff's response does not consider other, very serious safety concerns posed by releasing these records publically; a not-exhaustive list includes the possibility of malefactors determining a jail's layout, when and how inmates are transferred, where medications are stored, the location/identity of inmates in protective custody, and guard rotations and shifts.

More importantly, Plaintiff Milioto's arguments actually illustrate her apparent desire to try this case in the court of public opinion. This is evidenced by her multiple assertions that both she **and the public** have an interest in transparent government and her reliance on news media footage and photographs. [Dkt. 60, pp. 5, 7-12]. Plaintiff's apparent desire to try this case in the court of public opinion should not be allowed and would be prevented by a protective order. For this reason alone, Defendants have demonstrated good cause sufficient to permit issuance of a protective order. *See* Fed. R. Civ. P. 26(c)(1).

In sum, Defendants' burden in its Motion for Protective Order was not to demonstrate the at-issue records fell within an exception to Oklahoma's Open Record Act, as Plaintiff alleges in her Response. In fact, Defendants complied with the applicable rule governing protective orders. *See* Fed. R. Civ. P. 26(c)(1). Plaintiff's only other arguments center on the public's alleged interest in the at-issue records. However, it is Plaintiff, not the public, that is a party to this case, and Plaintiff should not be allowed to try her case in the media or in the court of public opinion. For this reason, and the additional reasons set forth in their Motion for Protective Order,

4

Defendants have demonstrated good cause showing that the Jail and/or Sheriff's Office's policies and procedures, the Jail's video and/or audio recordings, and Jail photographs already produced to Plaintiff should be subject to Defendants' proposed protective order.

## CONCLUSION

WHEREFORE, for the foregoing reasons, Defendants Board of County Commissioners for Choctaw County, Terry Park, Jeffery Epley, Stewart Stanfield, Zach Dillishaw, Schonna Smith, Debora Clay and Edna Casey respectfully request the Court enter the Protective Order submitted contemporaneously with their Motion for Protective Order.

Respectfully submitted,

s/Taylor M. Tyler
Stephen L. Geries, OBA No. 19101
Taylor M. Tyler, OBA No. 33291
COLLINS ZORN & WAGNER, P.C.
429 N.E. 50th Street, Second Floor
Oklahoma City, OK  73105
Telephone:   (405) 524-2070
Facsimile:    (405) 524-2078
Email:         slg@czwlaw.com
                  tmt@czwlaw.com

*ATTORNEYS FOR DEFENDANTS BOARD OF COUNTY COMMISSIONERS FOR CHOCTAW COUNTY, ZACH DILLISHAW, STEWART STANFIELD, JEFFREY EPLEY AND TERRY PARK, IN THEIR INDIVIDUAL CAPACITIES*

        s/Jessica L. Dark
(*signed by filing attorney with permission*)
Robert S. Lafferrandre, OBA No. 11897
Randall J. Wood, OBA No. 10531
Jessica L. Dark, OBA No. 31236
PIERCE COUCH HENDRICKSON
  BAYSINGER & GREEN, LLP
1109 North Francis Avenue
Oklahoma City, OK  73106
Telephone:  (405) 235-1611
Facsimile:  (405) 235-2904
Email: jdark@piercecouch.com

*ATTORNEYS FOR DEFENDANTS*
*SCHONNA SMITH AND DEBORA CLAY*


        s/James L. Gibbs
(*signed by filing attorney with permission*)
James L. Gibbs, II, OBA No. 15689
GOOLSBY, PROCTOR, HEEFNER
  & GIBBS, P.C.
701 N. Broadway Avenue, Suite 400
Oklahoma City, OK  73102-6006
Telephone:  (405) 524-2400
Facsimile:  (405) 525-6004
Email:  jgibbs@gphglaw.com

*ATTORNEY FOR DEFENDANT*
*EDNA CASEY*

## CERTIFICATE OF SERVICE

I hereby certify that on January 22, 2019, I served the attached document by certified mail, return receipt requested, to the following:

Chris Hammons
Jason M. Hicks
Laird, Hammons, Laird, PLLC
1332 S.W. 89th Street
Oklahoma City, OK  73159
***Attorneys for Plaintiffs***

6

Robert S. Lafferrandre
Randall J. Wood
Jessica L. Dark
Pierce Couch Hendrickson
  Baysinger & Green, L.L.P.
1109 North Francis Avenue
Oklahoma City, OK  73106
***Attorneys for Defendants***
***Schonna Smith and Debora Clay***

James L. Gibbs
Goolsby, Proctor, Heefner & Gibbs, P.C.
701 N. Broadway Avenue, Suite 400
Oklahoma City, OK  73102-6006
***Attorney for Defendant Edna Casey***

                                      s/ Taylor M. Tyler
                                      Taylor M. Tyler