IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| (1) JAMES LEGROS, SR. and | ) | |
| (2) JACQUELINE MILIOTO, as next friend to | ) | |
|     D.M., a minor, as next of kin of | ) | |
|     JAMES LEGROS, JR., deceased, | ) | |
| | ) | |
|                Plaintiffs, | ) | |
| | ) | |
| vs. | ) | Case No. 18-CIV-261-RAW |
| | ) | |
| (1) BOARD OF COUNTY COMMISSIONERS | ) | |
|     FOR CHOCTAW COUNTY; *et al*., | ) | |
| | ) | |
|                Defendants. | ) | |

## PROTECTIVE ORDER

Pursuant to the Defendants' Motion for Agreed Protective Order [Dkt. 58], and for good cause, this Court enters the following Protective Order governing confidential and private material obtained in this case.

1.      The following materials obtained during the course of this litigation are deemed private and confidential and subject to this Order:

A.      Any materials received by Plaintiffs from the Choctaw County Sheriff's Office that are not otherwise an open record under the Oklahoma Open Records Act, including any video and audio recordings or photographs made or taken within the Choctaw County Jail; Performance appraisals or disciplinary records related to non-parties; Social Security numbers and dates of birth of any persons; Unlisted home addresses or unlisted home phone numbers; Educational records of any persons to the extent such records are covered by 20 U.S.C. § 1232g(4); Personnel files of Jail or Sheriff's Office employees, Personal contact information of present and former employees, officers, or agents of the Defendants; and Policies and

Procedures of the Choctaw County Jail or Choctaw County Sheriff's Office related to the operation of the jail.

2.      The confidential materials described above shall remain confidential and, absent permission by the Court, will be used only for the purpose of preparation and presentation of this case with the exception that should counsel for either party have subsequent litigation with a party who has provided confidential information, such information may be used by counsel subject to the continued terms and obligations of this or any subsequent protective order.

Such confidential materials may be disclosed to:

A.      The parties;

B.      The attorneys for the parties and the attorneys' staff;

C.      Court staff and staff of the Court Clerk;

D.      Any court reporter or videographer;

E.      Any person who reasonably would need to see such materials in order give testimony or information related to the case, to form opinions or to serve as a consultant with regard to issues in the action, or to make settlement decisions related to the case.

3.      In order to comply with HIPAA requirements and particularly 45 C.F.R. §164.512(v)(A), (B), a party receiving medical records must:

A.      Not use or disclose the protected health information for any purpose other than the litigation or proceeding for which such information was requested; and

B.      Must return such information to either the entity from which it was received, or the attorney of the party to whom it pertains or destroy the protected

2

health information (including all copies made) which actions must be taken at the end of the litigation or proceeding.

4.      In the case of disclosure of records or confidential documents to persons who are potential witnesses as described in Par. 2 above, the disclosing party may not provide the potential witness with a copy of any confidential document but may show such document or orally share that information. Such persons must be advised that the information is subject to a confidentiality order and that such order applies to them. Such persons must be advised that they must maintain such information as confidential.

5.      Information that is confidential shall be marked confidential.

    A.      Control and distribution of the information and/or documents subject to this Order shall be the responsibility of the attorneys of record.  Counsel shall instruct any individual who views confidential information that such person is bound by the terms of this Order and must not reveal the information to any other persons.

    B.      The inadvertent or unintentional failure to designate any information confidential pursuant to this Order or to assert a claim of privilege or work product immunity shall not constitute a waiver of any otherwise valid claim for protection so long as such claim is asserted within fifteen (15) days of the initial production or disclosure.  Within that time the designating party may substitute properly labeled copies of confidential information or identify by Bates number the documents claimed as privileged and shall provide a privilege log setting out those facts necessary to establish each element of the privilege.

C.      Upon receiving notification of the claim of privilege, the receiving party shall return all originals and copies of those documents without prejudice to that party's right to contest the designation of privilege.

D.      This Order shall remain in force unless and until it is modified by this Court.

F.      Information filed of record or presented in open court shall, except for sealed information, cease to be confidential when so filed or presented subject, however, to the right of either party to move separately for the sealing of such information or for its withdrawal from the public record.

6.      The entry of this protective order does not constitute a determination that any material designated as confidential are either relevant, admissible or subject to being produced during discovery, any hearing, or the trial of this matter. Each party retains the right to make substantive objections to discovery requests other than those based on privacy or confidentiality.

7.      This Order shall not affect or limit the presentation of evidence, including materials marked as confidential, during the trial of this action.

8.      At the conclusion of the litigation– which includes completion of all appeals, matters on remand or the expiration of time for appeals– counsel shall, if requested, return tax records, medical or counseling records, marital records, and educational records. The balance of any other confidential records shall be returned or destroyed at counsel's option after the passage of five years. If a party seeks the return of confidential documents which have been copied or obtained at the expense of the opposing party, the party seeking their return must reimburse the other party for those initial copying expenses and any costs associated with return of such documents. It is in all instances the responsibility of the party seeking return of documents to make a formal request for return and set out the proposed manner of return.

4

**SO ORDERED THIS 23rd DAY OF January, 2019.**

_____

RONALD A. WHITE
UNITED STATES DISTRICT JUDGE