IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| JAMES LEGROS, SR.; and ) <br> JACQUELINE MILIOTO, as next friend to ) <br> D.M., a minor, as next of kin of ) <br> JAMES LEGROS, JR., deceased, ) <br>     ) <br>             Plaintiffs, ) <br>     ) <br> v.    ) <br>     ) <br> BOARD OF COUNTY COMMISSIONERS ) <br> FOR CHOCTAW COUNTY, et al.,   ) <br>     ) <br>             Defendants. ) | Case No. 18-CV-261-RAW |

## JOINT MOTION TO STRIKE PLAINTIFFS' WITNESSES
## AND BRIEF IN SUPPORT

Pursuant to LCvR7.2, all Defendants join together to respectfully move this Court for an Order striking Plaintiffs' recently disclosed witnesses: Lancelot Kollman; Shelby Legros; Roderick Snipes; Randy Gray; Michael Carrucci; Leigh Baker; Brian McDewell; Ben Constantine; James Harper; Mike Daigle; Mike Smith; Seth Laurion; Matt Douglas; Cory Cartier; Krista Keith; Chelsea Vega; Peter Legros; Leslie Legros; Brian Legros. (See Doc. 75, nos. 11-29).

The Defendants have complied with LCvR37.1 by conferring with counsel for Plaintiffs. Plaintiffs' counsel have advised they intend to only call as witnesses at trial Lancelot Kollman; Shelby Legros; Roderick Snipes; Peter Legros; and Michael Carrucci.[1,2] (Exh. 1 - Email from Mr. Hammons dated July 12, 2019). Defendants seek an Order from this Court striking all witnesses

---

[1] In the event this Motion is denied, Defendants are also filing a joint motion to extend the discovery deadline by 30 days to allow the parties to conduct the out-of-state depositions of these five (5) newly-disclosed trial witnesses.

[2] Further, Plaintiffs have not provided a telephone number for Mr. Carrucci and Defendants have been unable to contact him to discuss his anticipated knowledge and/or testimony at trial.

listed above as their identities were only made known less than a month before discovery cut-off and Defendants did not know the identities of those Plaintiffs actually intend to call until approximately 2 ½ weeks prior to the discovery deadline.

Defendants submit the following brief in support:

## STATEMENT OF FACTS

1. On December 5, 2018, Plaintiffs submitted their Initial Disclosures identifying eleven (11) individuals who were likely to have discoverable information. (Doc. 50).

2. On January 17, 2019, both Plaintiffs Legros and Milioto submitted Answers to Defendant Smith's Interrogatories and, again, identified eleven (11) individuals as "witnesses who [they believed] have knowledge of the information and/or allegations" at issue in the lawsuit. (Exh. 2 - Discovery Responses of Milioto to Smith, Int. 13; Exh. 3 - Discovery Responses of Legros to Smith, Int. 13).

3. Five months later, on June 12, 2019, Plaintiff Legros did not identify a single person he considered to be one of "Decedent's ten closest friends" on the date of his death. (Exh. 4 - Discovery Responses of Legros to BOCC, Int. 23).

4. Defendants have conducted discovery and their investigation into Plaintiffs' claims based upon the information provided by Plaintiffs in their Initial Disclosures and Discovery Responses.

5. On July 2, 2019, less than a month before the discovery cut-off deadline (See Doc. 54), Plaintiffs submitted a Witness List identifying 37 witnesses.[3] (Doc. 75). Purported witnesses Lancelot Kollman; Shelby Legros; Roderick Snipes; Randy Gray; Michael Carrucci; Leigh Baker; Brian McDewell; Ben Constantine; James Harper; Mike Daigle; Mike Smith; Seth Laurion; Matt Douglas; Cory Cartier; Krista Keith; Chelsea Vega; Peter Legros; Leslie Legros;

---

[3] Plaintiffs have voluntarily stricken Mike Hopper (expert witness) listed at no. 37 in Doc. 75.

Brian Legros have never before appeared on any Initial Disclosure or discovery response submitted by Plaintiffs.

6. The newly-added witnesses reside on the opposite side of the country in Florida, New Hampshire, Massachusetts, North Carolina, South Carolina, and as far away as Maine. (See Doc. 75).

7. Upon inquiry, Plaintiffs' counsel advised these witnesses were recently disclosed to them and seasonably disclosed to Defendants. (Exh. 1 - Email from Hicks). While this may be true, it is Plaintiffs who bear the burden to timely comply with discovery rules. Many of these purported witnesses bear the same last name as a Plaintiff and the Decedent in this case. It cannot possibly be argued Plaintiff Legros was unaware of these other Legroses until just recently.

### PLAINTIFF HAS FAILED TO COMPLY WITH FED. R. CIV. P. 26 AND, THEREFORE, RULE 37(C) SANCTIONS ARE WARRANTED, AS THEIR FAILURE WAS NEITHER SUBSTANTIALLY JUSTIFIED NOR HARMLESS

As this Court is well aware, one of the primary purposes of the Federal Rules of Civil Procedure and those rules as they govern the discovery process is "to secure the just, speedy and inexpensive determination of every action and proceeding." FED. R. CIV.P. 1. The Federal Rules of Civil Procedure place a duty on each party to provide "the name. . . of each individual likely to have discoverable information that the party may use to support its claims. FED. R. CIV.P. 26(a)(1)(A). Likewise, each party has a duty to supplement his or her disclosures and/or responses to discovery if and when "the party learns that in some material respect the disclosure or response is incomplete." FED. R. CIV.P. 26(e)(1)(A). When a party has failed to comply with discovery rules, it is in the Court's authority to impose sanctions under the Rule 37:

> if a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at trial, unless the failure was substantially justified or is harmless.

3

FED. R. CIV.P. 37(C)(1). The Tenth Circuit has followed the Seventh Circuit in holding that "[t]he exclusion of evidence presented out of time is 'automatic and mandatory' unless the violation was either justified or harmless." *Vesom v. Atchison Hosp. Ass'n.,* 279 Fed.Appx. 624, 631 (10th Cir. 2008)(unreported). To determine if the failure to disclose evidence is substantially justified or harmless, the Court should look to the following factors:

> (1) The prejudice or surprise to the party against whom the testimony is offered; (2) the ability of the party to cure the prejudice; (3) the extent to which introducing such testimony would disrupt trial; and (4) the moving party's bad faith or willfulness.

*Woodworker's Supply, Inc. v. Principal Mut. Life Ins. Co.,* 170 F.3d 985, 993 (10th Cir. 1999); *see Newman v. GHS Osteopathic, Inc.,* 60 F.3d 153 (3d Cir. 1995) (quoting *Bronk v. Ineichen,* 54 F.3d 425, 428 (7th Cir. 1995)). The party who failed to comply with the discovery rules "has the burden of showing that they were substantially justified in failing to comply." *Nguyen v. IBP, Inc.,* 162 F.R.D. 675, 680 (D.Kan. 1995).

Plaintiffs failed to identify these 19 witnesses until less than a month before the deadline to complete discovery remained, despite being issued discovery requests in as early as November 2018. This failure has resulted in a great surprise to Defendants who now must ascertain how to conduct 19 depositions in six states on the complete opposite side of the country in less than a month. This comes as the parties have scheduled the depositions of the two out-of-state Plaintiffs, as well as the Plaintiff's out-of-state expert witness. The parties further are scheduling the depositions of the Defendants' two expert witnesses, all of which must be completed by August 1, 2019. Defendants are unable to cure this surprise and the prejudice they now face as the discovery cut-off looms in just weeks.

Further, beyond the surprise of the identification of these witnesses, the description accompanying their names is deficient: a mere cut-and-paste of will "testify as to his/her knowledge of and relationship with Legros, Jr. and the effect of his death on his family for the purpose of establishing damages." (See Doc. 75). There is no explanation of how any of the individuals are related to Decedent or how long he/she knew Decedent or the last time he/she saw Decedent or any sort of information to help Defendants analyze who may actually have relevant information regarding Decedent, the claims asserted, and the alleged damages sought by Plaintiffs. Also, the descriptions provided in the Plaintiffs' Witness List indicate the witnesses' testimony will be cumulative and repetitive, which each one to testify regarding the effect of Decedent's death on his family. (Doc. 75). This will severely impact and unnecessarily prolong the trial, as well as further prejudice the Defendants. Defendants do not file this Motion in bad faith; rather, they seek a fair and just ruling disallowing Plaintiffs the benefit of this late disclosure.

Rule 26(e) is clear in its requirement that a party must timely supplement his responses and disclosures that have "not otherwise been made known to the other parties during the discovery process." FED R. CIV.P. 26(e)(1)(A). Plaintiffs obviously intend to use these newly identified witnesses as individuals that the "support its claims" and are required to be previously disclosed by FED. R. CIV.P. 26(a)(1)(A). Failing to disclose these witnesses was in no way substantially justified or harmless. The Tenth Circuit has held that, when a plaintiff has knowledge of material facts and witnesses, he is to supplement his discovery responses or disclose these additional witnesses in a timely manner. *See generally Vesom,* 279 Fed.Appx. at 631-32. In *Vesom,* the plaintiff submitted affidavits of two witnesses who had not been previously disclosed in his response to a motion for summary judgment. The plaintiff offered

conclusory statements that these witnesses weren't willing to come forward until just before the deadline for the response. *Id.* at 631. The Tenth Circuit affirmed the District Court's Order striking the testimony of these witnesses as there was no substantial justification nor was it harmless to surreptitiously keep these witnesses from the defendant. *See Id.* at 632.

As stated herein and plainly obvious within the Witness List, four of these new witnesses have the last name Legros. Any argument that Plaintiffs were unable to identify these allegedly unknown witnesses until just recently is disingenuous as they are clearly related. Accordingly, these and the remaining new witnesses should all be stricken from Plaintiffs' Witness List and their testimony prohibited at trial.

## **CONCLUSION**

The process of discovery is an obviously crucial stage of the litigation process. It allows the parties to seek information relevant to the claims and defenses at issue. Plaintiffs' unexcused and unreasonable non-compliance with Rule 26 and with the Discovery Code have made a mockery of the discovery process in this case. Plaintiffs have attempted to deprive the Defendants of their right to a fair trial on the merits of this case. Rather, the Defendants will suffer irreparable harm should these witnesses, none of whom had been disclosed prior, be allowed to offer testimony. For the aforementioned reasons, the Defendants respectfully request that, due to Plaintiff's failure to comply with Rule 26(e) and pursuant to Rule 37(c), the testimony of purported witnesses Lancelot Kollman; Shelby Legros; Roderick Snipes; Randy Gray; Michael Carrucci; Leigh Baker; Brian McDewell; Ben Constantine; James Harper; Mike Daigle; Mike Smith; Seth Laurion; Matt Douglas; Cory Cartier; Krista Keith; Chelsea Vega; Peter Legros; Leslie Legros; Brian Legros be stricken and disallowed.

Respectfully Submitted,

s/ Jessica L. Dark
Robert S. Lafferrandre, OBA No. 11897
Randall J. Wood, OBA No. 10531
Jessica L. Dark, OBA No. 31236
PIERCE COUCH HENDRICKSON
 BAYSINGER & GREEN, L.L.P.
1109 North Francis Avenue
Oklahoma City, Oklahoma 73106
Telephone: (405) 235-1611
Facsimile:  (405) 235-2904
rlafferrandre@piercecouch.com
rwood@piercecouch.com
jdark@piercecouch.com

*Attorneys for Defendants*
*Schonna Smith and Debora Clay*


s/ Taylor M. Riley
(signed with permission by filing attorney)
Stephen L. Geries, OBA No. 19101
Taylor M. Riley, OBA No. 33291
COLLINS ZORN & WAGNER,
P.C. 429 N.E. 50th Street, Second
Floor Oklahoma City, OK 73105
(405) 524-2070/ Fax: (405) 524-2078

*Attorneys for Defendants BOCC for*
*Choctaw County, Park, Dillishaw,*
*Epley, and Stanfield*

s/James L. Gibbs, II
(signed with permission by filing attorney)
James L. Gibbs, II, OBA No. 15689
Elise M. Horne, OBA No. 33006
GOOLSBY, PROCTOR, HEEFNER &
GIBBS, PC 701 N. Broadway Avenue, Suite
400 Oklahoma City, OK 73102-6006 (405)
524-2400; (405) 525-6004 (F)

*Attorney for Defendant, Edna Casey*

7

**CERTIFICATE OF SERVICE**

      I hereby certify that on the 15th day of July, 2019, I electronically transmitted the above and foregoing document to the Clerk of Court using the ECF System for filing. Based on the records currently on file, the Clerk of Court will transmit a Notice of Electronic Filing to the following ECF registrants:

| | |
|---|---|
| Chris Hammons<br>Jason M. Hicks<br>*Attorneys for Plaintiffs* | Stephen L. Geries<br>Taylor M. Tyler<br>*Attorney for Defendants*<br>*BOCC, Zachary Dillishaw, Terry Park,*<br>*Jeffrey Epley and Stewart Stanfield* |
| James L. Gibbs, II<br>Elise M. Horne<br>*Attorneys for Defendant, Edna Casey* | |

                                                       s/ Jessica L. Dark
                                                       Jessica L. Dark