IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| JAMES LEGROS, SR., et al., | ) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| v. | ) Case No. 18-CIV-261-RAW |
| | ) |
| BOARD OF COUNTY COMMISSIONERS | ) |
| FOR CHOCTAW COUNTY, et al., | ) |
| | ) |
| Defendants. | ) |

**O R D E R**

This matter comes before the Court on Plaintiffs' Motion to Compel Discovery Answers from Defendant (Docket Entry # 80). This Motion was referred to the undersigned for disposition by United States District Judge Ronald A. White by Minute Order entered July 19, 2019.

Plaintiffs commenced this action on September 11, 2017, in the District Court for Choctaw County, Oklahoma. Plaintiffs' allegations center on the lack of medical attention and the death of James Legros, Jr. (the "decedent"), who was an inmate in the Choctaw County Jail from October 25, 2016 through October 30, 2016. The decedent was found hanging in his cell on October 30, 2016.

Plaintiffs served Defendant Board of County Commissioners for Choctaw County (the "Board") with certain discovery requests on September 18, 2017, including Request for Production No. 10, which sought production of the following:

<u>Request for Production No. 10</u>: Produce any and all video and/or audio footage of Plaintiff or related to all allegations in Plaintiff's Petition between October 25, 2016 and October 30, 2016.

Defendant Board sought an extension to respond to Plaintiffs' discovery requests, and prior to responding, Defendant Board's counsel notified Plaintiffs' counsel that there were certain documents responsive to the discovery requests that Defendant Board wanted produced under a protective order. The parties exchanged emails and ultimately disagreed on what should be included in the protective order. Plaintiffs also informed Defendant Board that one of the Plaintiffs, James Legros, Sr., intended to obtain different counsel. Defendant Board believed it was prudent to wait for new counsel to appear in the case before filing its motion for protective order.

On November 30, 2017, Plaintiffs again sought responses to the discovery requests from Defendant Board, requesting responses be provided to those requests that did not seek material covered by the proposed protective order. Counsel filed a motion to withdraw from the representation of Plaintiff Legros, Sr., on December 20, 2017, which was sustained by court minute on January 3, 2018. On January 8, 2018, Plaintiffs' counsel filed a motion to compel Defendant Board's responses to discovery. On January 22, 2018, Defendant Board produced responses to Plaintiffs' discovery, including the following response to Request for Production No. 10:

> Response to Request for Production No. 10: Objection, Defendant has contemporaneously with this response mailed for filing its Motion for Protective Order with regard to all video and/or audio footage as requested, if any exists, due to the location, the sensitive nature of the recordings and the potential security risk to the Choctaw County Sheriff's Office, Jail and employees. Upon ruling by the Court on the Motion for Protective Order Defendant will supplement this response. Additionally, at this time Plaintiff James Legros Sr. is unrepresented in this matter having neither had new counsel enter an appearance on his behalf, nor entering an appearance pro se, nor the expiration of thirty days as provided by the Court for him to be deemed to be representing himself *pro se*.

On January 23, 2018, Defendant Board filed its motion for protective order. The state court judge entered the protective order on March 6, 2018. Although Plaintiffs sought clarification from the state court regarding the protective order, Defendant Board agreed to provide Plaintiffs with the withheld documents, as Plaintiffs agreed to keep them confidential until the issue involving clarification of the protective order was resolved. On April 13, 2018, Defendant Board supplemented its prior discovery responses, producing documents to Plaintiffs and making video footage from the jail available for copying. Defendant Board included the following supplemental response to Request for Production No. 10:

> Supplemental Response to Request for Production No. 10: Objection. In addition to previous objections, Plaintiff's Request for Production No. 10 is overly broad, unduly burdensome, and vague and ambiguous. Without waiving said objection and pursuant to the protective order entered in this matter, Defendant will provide all requested video records, however due to the

3

>size of the video recordings (over 200 GB) Defendant is requesting that Plaintiff's counsel provide a portable hard drive to Defendant's counsel such that Defendant's counsel may copy the recordings and required software. Neither Dropbox, DVD-R nor any flash drive in counsel's possession are large enough for this amount of data.

Plaintiffs provided Defendant Board's counsel with a hard drive to which video footage from the jail was copied.

On August 10, 2018, the action was removed to this Court after Plaintiffs filed a First Amended Petition, naming individual defendants and alleging federal claims against Defendant Board. On January 7, 2019, Defendant Board filed a motion for protective order in this Court.  On January 21, 2019, Plaintiffs' counsel emailed Defendant Board's counsel noting his concern that the video footage previously produced from the jail was not all the responsive footage and requested the production of any additional footage that had not yet been produced.  Judge White entered the protective order on January 23, 2019.

Beginning on June 17 through June 20, 2019, Plaintiffs deposed certain individual defendants and questioned them about the video surveillance in the jail.  Their testimony, although uncertain as to what exactly would be captured by the camera, unequivocally recognized that there was a video camera on the wall outside, but nearby, the door of the decedent's jail cell. Shortly after the depositions, Plaintiffs' counsel requested Defendant Board supplement its response to Request for Production No. 10 to include

4

video footage from the camera referenced during the depositions, footage from any other cameras that might show the jailers checking on the decedent, or any other camera footage that had not been produced but was relevant to the case. On July 10, 2019, Defendant Board produced footage from two additional camera angles that Plaintiffs contend it had not previously produced. On that same day, Plaintiffs' counsel requested a conference under Fed. R. Civ. P. 37, in preparation for filing a motion to compel. He believed Defendant Board still had not produced any footage from the camera referenced during the individual defendants' deposition testimony. Plaintiffs contend that during the Rule 37 conference held on July 11, 2019, Defendant Board's counsel admitted there was additional video footage from the jail that had not been produced, certain video footage was not preserved, and he did not know if video existed from the camera outside the decedent's jail cell because he had not checked to see if it was available.

Through their motion to compel, Plaintiffs seek an order compelling Defendant Board to produce not only footage from the camera outside the decedent's jail cell, but they also seek any video footage from October 25, 2016 through October 30, 2016, which has not been produced, including any footage of defendant jailer checks on the decedent, footage of what defendant jailers were doing when not checking on the decedent, and footage of defendant jailers' conduct after the decedent was found hanging in his cell.

Plaintiffs contend Defendant Board has waived any objections to Request for Production No. 10 because it failed to timely serve answers and objections to Plaintiffs' discovery requests.  In addition to an order for production, Plaintiffs request leave to re-depose individual defendants regarding any additional video produced by Defendant Board at the Board's expense (including attorney fees and travel expenses) and their attorney fees and expenses associated with the filing of this motion.

Defendant Board responds that it has not waived any right to object to Plaintiffs' Request for Production No. 10 and that it has adequately and sufficiently responded to the request for production.  It argues that Plaintiffs' Request for Production No. 10 is vague, ambiguous, overly broad, and unduly burdensome.

The Court agrees with Defendant Board that it has not waived any objections to Plaintiffs' Request for Production No. 10, as much of the back and forth between the parties occurred in the state court matter before the removal of the action to this Court.  However, the Court agrees with Plaintiffs that Defendant Board must clarify whether there is additional footage from the video cameras in the jail that may be relevant to Plaintiffs' claims that has not been produced.

With the opportunity to do so in its response to Plaintiffs' motion to compel, Defendant Board does not deny (1) that there was a camera outside the decedent's cell or (2) that video footage

6

from that camera has not been produced to Plaintiffs. Specifically, Defendant Board addressed the video footage stating that "Defendant has provided all footage it believed related to Plaintiffs' claims in its April 13, 2018 Supplemental Response." Defendant Board's Response, p. 8 (Docket Entry # 90). Defendant Board also stated that "[t]o the best of the undersigned's knowledge, Plaintiffs now have all footage within Defense counsel's possession, including footage not 'related' to Plaintiffs' claims." Id. In another portion of its response, Defendant Board further stated that "Defendant has provided footage from a camera that would show jailers or other individuals entering/exiting this gate near [the] [d]ecedent's cell and, in essence, provided Plaintiffs the same information it seeks from the other camera." Id. at p. 9.

Plaintiffs are entitled to the production of video footage from the camera outside the decedent's jail cell from the time the decedent arrived at the Choctaw County Jail on October 25, 2016, through October 30, 2016. Plaintiffs are also entitled to any other camera footage that may show jailer checks or the conduct of the jailers after the decedent was found in his cell. Because it is unclear whether all video footage from the jail in Defendant Board's possession has been produced to Plaintiffs in response to Request for Production No. 10, Defendant Board will be required to supplement its response to Request for Production No. 10 by (1)

7

producing any additional video footage, as set forth herein, that has not been produced, (2) affirmatively stating that additional video footage never existed and therefore cannot be produced, and/or (3) stating additional video footage existed, but it is no longer available and state the reason for its unavailability.

At this time, the Court defers ruling on Plaintiffs' request for attorney fees and expenses associated with the filing of the motion to compel and Plaintiffs' request for the expenses associated with re-deposing certain individual defendants about any additional video footage that may be produced by Defendant Board pursuant to this Court's order. The Court views such requests as premature.  Until it is determined what, if any, additional video footage exists, it is impossible to determine if additional depositions are necessary and who to depose.  Plaintiffs may re-urge these requests at a later time.

IT IS THEREFORE ORDERED that Plaintiffs' Motion to Compel Discovery Answers From Defendant (Docket Entry # 80) is hereby **GRANTED**, in part, and **DENIED**, in part.  The Motion is **GRANTED** to the extent that Defendant Board must supplement its response to Request for Production No. 10 by (1) producing any additional video footage from the Choctaw County Jail, as set forth herein, that has not been produced, (2) affirmatively stating that additional video footage never existed and therefore cannot be produced, and/or (3) stating additional video footage existed, but it is no

longer available and state the reason for its unavailability. Plaintiffs must do so by **August 9, 2019**. Plaintiffs' request that Defendant Board be deemed to have waived objections to the production is **DENIED**. However, the parties are forewarned that they will be expected to comply with the procedures and deadlines for responding to any future discovery requests in accordance with the Federal Rules of Civil Procedure. The Court defers ruling on Plaintiffs' request for attorney fees and expenses associated with the filing of the motion and any attorney fees and expenses associated with re-deposing certain individual defendants in the case. Plaintiffs may re-urge those portions of their motion at a later time.

IT IS SO ORDERED this 1st day of August, 2019.

Kimberly E. West
United States Magistrate Judge
Eastern District of Oklahoma