IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF OKLAHOMA

**(1) JAMES LEGROS, SR.** and

**(2) JACQUELINE MILIOTO,** as next friend to

D.M., a minor, as next of kin to JAMES LEGROS, JR, deceased,

          Plaintiffs,

vs.

**(1) BOARD OF COUNTY COMMISSIONERS FOR CHOCTAW COUNTY; et al.,**

          Defendants.

**Case No. 18-CV-261-RAW**

## PLAINTIFFS' AMENDED MOTION TO STRIKE DEFENDANT EDNA CASEY'S MOTION FOR SUMMARY JUDGMENT

**COMES NOW**, the Plaintiffs file their Motion to Strike Defendant Edna Casey's Motion for Summary Judgment. [Doc 111]. In the alternative, Plaintiffs request that this Court strike the "I. INTRODUCTION" Section and all references to this Section or the facts contained therein. In support of this Motion to Strike, Plaintiffs state the following:

1. Defendant Edna Casey filed her Motion for Summary Judgment on September 4, 2019. [Doc 111].

2. Local Court Rule 56.1(b) for the Eastern District of Oklahoma requires that:

    (b) The brief in support of a motion for summary judgment (or partial summary judgment) shall begin with a section stating the material facts to which the movant contends no genuine dispute exists. **The facts shall be set forth in concise, numbered paragraphs.**

LCvR 56.1(b) (emphasis added).

3. Defendant Casey's Motion for Summary Judgment contains an "INTRODUCTION" Section which spans nearly eight (8) pages and contains extensive citations to exhibits and statements of fact. [Doc 111, p. 1-8]. None of the paragraphs in this section are numbered, in clear violation of LCvR 56.1(b).

4. Defendant Casey's "II. STATEMENT OF UNDISPUTED MATERIAL FACTS" Section

contains only thirteen (13) short numbered paragraphs. [Doc 111, p. 8-10].

5. Defendant Casey states the majority of the facts in support of her Motion for Summary Judgment in the unnumbered "INTRODUCTION" section. [Doc 111, p. 1-8].

6. The Argument section then fails to reference any (or very few) of the facts listed in her Statement of Undisputed Material Facts Section; instead, apparently referencing back to the Introduction paragraphs.

7. Casey's blatant attempt to circumvent the rules leaves Plaintiffs unable to comply with LCvR 56.1(e). Instead, Plaintiffs are left with a nearly impossible task of deciphering eight (8) pages of unnumbered factual citations and determining which and how to admit or deny each.

8. Moreover, Casey's practice increases this Court's burden of determining which facts are at issue in this case.

9. Finally, the usage of long paragraphs, instead of concise, number statements of fact circumvents this Court's page limitation.

10. Because Casey's Introduction paragraph places an unreasonable burden on Plaintiffs and this Court and is in violation of LCvR 56.1 and Fed. R. Civ. P. 56, Plaintiffs request this Court strike Casey's motion for summary judgment, or in the alternative strike the Introduction paragraph, and all facts which cite to or can be derived from the introduction paragraph.

11. Plaintiff has conferred with counsel for Defendant who objects to the relief requested.

## BRIEF IN SUPPORT

The "[s]ummary judgment procedure is a method for promptly disposing of actions in which there is no genuine issue as to any material fact[,]" and Defendant Casey's failure to adhere to this Court's Rules interferes with the summary judgment process. Fed. R. Civ. P. 56 notes of advisory committee on rules 1937. "It is incumbent on litigants . . . to follow . . . simple, nonburdensome local rules." Bradenburg v. Beaman, 632 F.2d 120, 122 (10th Cir. 1980) (citing United States v. Lucas, 597 F.2d 243 (10th Cir. 1979)); See Mashburn v. Whetsel, No. CIV-10-929-M, 2011 WL 806512, at *1 (W.D. Okla. Feb. 8, 2011) (relying on Bradenburg in recommending that the failure by plaintiff to follow local rules justified dismissal). The Tenth Circuit "has recognized that local rules are binding in some circumstances" and that district courts have considerable "discretion in applying local rules." Hernandez v. George, 793 F.2d 264, 266 (10th Cir. 1986); See Smith v. Ford Motor Co., 626 F.2d 784 (10th Cir.1980), cert. denied, 450 U.S. 918 (1981); Woods Constr. Co. v. Atlas Chemical Indus., 337 F.2d 888 (10th Cir.1964); See also Lance, Inc. v. Dewco Services, 422 F.2d 778 (9th Cir.1970).

Because LCvR 56.1(b) is a nonburdensome rule and Defendant Casey's failure to follow it has rendered Plaintiffs unable to admit, deny, or otherwise respond to Defendant's statements of fact, this Court should strike Defendant Casey's Motion for Summary Judgment, or in the alternative, strike the "I. INTRODUCTION" Section and all references to this Section and the facts contained therein. See Frimpong v. Bureau of Prisons, No, CIV-05-886-F, 2005 WL 2461168, at *1 (W.D. Okla. Sept. 30, 2005) (considering the degree of burden the rule imposed in ruling on a party's failure to follow local rules).

## CONCLUSION

**WHEREFORE**, Plaintiffs request that this Court strike Defendant Edna Casey's Motion for Summary Judgment, or in the alternative, strike the "I. INTRODUCTION" Section and all references to this Section and the facts contained therein.

Respectfully submitted,

LAIRD, HAMMONS, LAIRD, PLLC

s/Chris Hammons
Chris Hammons, OBA# 20233
Jason M. Hicks, OBA# 22176
1332 S.W. 89th Street
Oklahoma City, OK 73159
Telephone:    (405) 703-4567
Facsimile:     (405) 703-4061
E-mail: chris@lhllaw.com
           jason@lhllaw.com
ATTORNEYS FOR PLAINTIFFS

## **CERTIFICATE OF MAILING**

I hereby certify that on September 6, 2019, I electronically transmitted the attached document to the Clerk of Court using the Electronic Case Filing System for filing. Based on the records currently on file in this case, the Clerk of Court will transmit a Notice of Electronic Filing to those registered participants of the ECF System.

Stephen L. Geries
COLLINS ZORN & WAGNER, P.C.
429 N.E. 50th Street, Second Floor
Oklahoma City, OK 73105
Telephone: 405.524.2070
Facsimile: 405.524.2078
Email: slg@czwlaw.com
*Attorney for Defendant*
*Board of County Commissioners*
*for Choctaw County, and*
*Defendants Zach Dillishaw, Stewart Stanfield,*
*Jeffrey Epley and Terry Park in their individual capacity*

Robert S. Lafferrandre
Randall J. Wood
Jessica L. Dark
PIERCE COUCH HENDRICKSON
BAYSINGER & GREEN, LLP
1109 North Francis Avenue
Oklahoma City, Oklahoma 73106
Telephone: (405) 235-1611
Facsimile: (405) 235-2904
Email: jdark@piercecouch.com
*Attorneys for Defendants Smith and Clay*

James L. Gibbs, II
Goolsby, Proctor, Heefner & Gibbs, PC
701 N. Broadway Avenue, Suite 400
Oklahoma City, OK 73102-6006
Telephone: (405) 524-2400
Facsimile: (405) 525-6004
Email: jgibbs@gphglaw.com
*Attorney for Defendant, Edna Casey*

s/ Chris Hammons
CHRIS HAMMONS